UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMPARIT INDUSTRIES LLC, CARRIER CIRCLE BUSINESS COMPLEX LLC, JAGAR ENTERPRISES INC., NORTH MIDLER PROPERTIES LLC, NORTHEAST MANAGEMENT SERVICES INC., and SOLVENTS AND PETROLEUM SERVICES INC.,

    Defendants.

Civil No. 5:26-cv-173 (DNH/ML)

COMPLAINT

---

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of and the Regional Administrator of the U.S. Environmental Protection Agency ("EPA"), Region 2, alleges as follows:

## NATURE OF THE ACTION

1. In this action, the United States seeks, under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") from the defendants in this action reimbursement of costs incurred by EPA for response actions at the "Upper Ley Creek Operable Unit" ("Operable Unit") of the "Onondaga Lake Superfund Site."

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the defendants under 28 U.S.C. §§ 1331 and 1345 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

3. Venue is proper in this judicial district for the claim pursuant to 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or

threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Operable Unit is located in this district.

**DEFENDANTS**

4. Defendant Amparit Industries LLC is a limited liability company organized under the laws of the State of New York, with a designated service address of 2435 State Route 5, Utica, New York 13502. Amparit Industries LLC is the owner of parcels located at 2801 Court Street, 3003 Court Street, and 3063 Court Street in Salina, New York. These parcels are adjacent to Upper Ley Creek. A company known as Syracuse China, Inc. formerly manufactured ceramic china products at these parcels.

5. Defendant Carrier Circle Business Complex LLC is a limited liability company organized under the laws of the State of New York, with a designated service address of 535 East Countyline Road, Suite 15, Lakewood, New Jersey 08701. Carrier Circle Business Complex LLC is the former owner of a parcel located at 6500 New Venture Gear Drive in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to Upper Ley Creek. A refrigeration and air conditioning equipment facility was formerly operated at this parcel.

6. Defendant Jagar Enterprises Inc. is a business corporation organized under the laws of the State of New York, with principal offices at 203 Jasper Street, Syracuse, New York 13203. Jagar Enterprises Inc. is the owner of a parcel located at 3605 ½ James Street in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to Upper Ley Creek. A metal treating facility known as the Super Heat Treating facility was formerly operated at this parcel.

7. Defendant North Midler Properties LLC is a limited liability company organized under the laws of the State New York, with a principal place of business at 400 North Midler Avenue, Syracuse, New York 13206. North Midler Properties LLC is the former owner of a

parcel located at 400 North Midler Avenue in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to Upper Ley Creek. A furnace manufacturing facility known as the Lennox facility was formerly operated at this parcel.

8. Defendant Northeast Management Services Inc. is a business corporation organized under the laws of the State of New York, with a principal place of business at 400 North Midler Avenue, Syracuse, New York 13206. Northeast Management Services Inc. is the former owner of a parcel located at 400 North Midler Avenue in Dewitt, New York, in the vicinity of and adjacent to a stream that flows to Upper Ley Creek. A furnace manufacturing facility known as the Lennox facility was formerly operated at this parcel.

9. Defendant Solvents & Petroleum Services Inc. is a business corporation organized under the laws of the State of New York, with its principal offices located at 1405 Brewerton Road, Syracuse, New York 13208. Solvents & Petroleum Services Inc. owns and operates a remediation and spill response business at 1401 and 1405 Brewerton Road in Salina, New York. This business is adjacent to Upper Ley Creek.

10. Each of the defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE STATUTORY FRAMEWORK

11. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

12. Under section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into

the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment …

13. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

14. Under sections 107(a)(1), (2) and (3) of CERCLA, 42 U.S.C. §§ 9607(a)(1), (2) and (3):

[T]he owner and operator of … a facility, any person who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed of, [and] any person … who by contract, agreement, or otherwise arranged for disposal … of hazardous substances owned or possessed by such person … at any facility … owned or operated by another party or entity and containing such hazardous substances … shall be liable for … all costs of removal or remedial action incurred by the United States Government … not inconsistent with the national contingency plan …

15. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the court shall enter a declaratory judgment on liability for response costs that will be binding on any subsequent action or actions to recover further response costs.

**GENERAL ALLEGATIONS**

16. The Operable Unit is located in Salina and Dewitt, Onondaga County, New York.

17. The Operable Unit includes a 1.7-mile portion of Ley Creek that is between the Town Line Bridge in Dewitt and the Route 11 Bridge in Salina. This portion of Ley Creek is known as Upper Ley Creek. The Operable Unit includes Upper Ley Creek and its banks and adjacent wetlands and floodplains.

18. Industrial facilities were operated at each of the properties owned, operated, or formerly owned by the defendants. During the course of these operations, hazardous substances including polychlorinated biphenyls ("PCBs"), volatile and semi-volatile organic compounds such benzene, ethylbenzene, xylene, and/or heavy metals such as chromium, copper, lead, nickel, and zinc were spilled onto the facilities' soils, and then were transported via adjacent ditches and creeks to the Operable Unit. The hazardous substances spilled onto each of these properties' soils have continued to migrate from the properties to the Operable Unit during the times that the Defendants owned or operated their properties.

19. The Operable Unit is contaminated with PCBs, benzene, ethylbenzene, xylene, chromium, copper, lead, nickel, and zinc among other hazardous substances.

20. PCBs, benzene, ethylbenzene, xylene, chromium, copper, lead, nickel, and zinc are "hazardous substances" within the meaning of section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

21. In December 1994, EPA placed the Operable Unit on the National Priorities List. The National Priorities List was established pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

22. EPA has conducted response actions and incurred costs regarding the Operable Unit. In 2015, EPA issued a "Record of Decision" ("ROD") in which it selected a remedy to be conducted at the Operable Unit. In September 2022 and April 2023, EPA issued two decision documents in which it modified the remedy selected in the ROD.

**Claim for Relief – Recovery of Past Costs**

23. Paragraphs 1 to 22 are realleged and incorporated herein by reference.

24. The Operable Unit is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

25. There have been releases, within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances, within the meaning of section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14), at or from the Operable Unit.

26. The United States has incurred costs of response, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Operable Unit.

27. The United States' response actions at the Operable Unit are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

28. Each defendant is within one or more of the classes of liable persons described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with respect to a facility from which there have been releases or threatened releases of hazardous substances to the Operable Unit.

29. Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), each defendant is jointly and severally liable to the United States for response costs regarding the Operable Unit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States respectfully requests that this Court: (i) enter judgment in favor of the United States under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each defendant jointly and severally liable for all response costs regarding the Operable Unit, including interest; (ii) enter a declaratory judgment that will be binding in any subsequent action for further response costs, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); (iii) award the United States its costs of this action; and (iv) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOR THE UNITED STATES**:

TODD BLANCHE
Deputy Attorney General

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

  */s/ Mark Gallagher*
Mark A. Gallagher
Bar Roll No. 512664
U.S. Department of Justice
Environmental and Natural Resources Division
Environmental Enforcement Section
Washington, DC  20044-7611
(202) 532-3321
mark.gallagher@usdoj.gov

JOHN A. SARCONE III
Acting United States Attorney
Northern District of New York


By:     */s/ Adam J. Katz*
         Adam J. Katz
         Assistant United States Attorney
         Bar Roll No. 517894
         James T. Foley U.S. Courthouse
         445 Broadway, Room 218
         Albany, New York 12207
         Telephone: (518) 431-0247
         Fax: (518) 431-0386
         adam.katz@usdoj.gov

         OF COUNSEL:

         James Doyle, Branch Manager
         Sarena Malsin, Assistant Regional Counsel
         Office of Regional Counsel
         U.S. Environmental Protection Agency, Region 2
         290 Broadway
         New York, New York  10007